UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:05CV-089-M

THE ESTATE OF SAMANTHA BURNS,
by and through JOHN ALAN BURNS,
Administrator of the ESTATE OF SAMANTHA
BURNS, deceased

and

THE ESTATE OF ALICE DONOVAN,
by and through BARRY DONOVAN,
Administrator of the ESTATE OF ALICE
DONOVAN, deceased                                                                                           PLAINTIFFS

V.

HOPKINS COUNTY KENTUCKY JAILER,
JAMES LANTRIP, HOPKINS COUNTY DETENTION
CENTER, HOPKINS COUNTY, KENTUCKY, and
JOHN DOE'S, DEPUTIES, and EMPLOYEES of the
HOPKINS COUNTY DETENTION CENTER and/or
HOPKINS COUNTY, KENTUCKY, THE IDENTITIES
AND NUMBER OF WHO ARE PRESENTLY UNKNOWN;
DEPUTY DIAN BLAIR, DEPUTY SAMUEL DILLINGHAM,
DEPUTY CHRIS SHAFFER, HOPKINS COUNTY BUILDING
INSPECTOR, ED TIPPETT; METRO FENCE COMPANY, INC.;
METRO FENCE COMPANY; METRO FENCE INDUSTRIES, INC.'
STAR CONSTRUCTION, INC.; BRANDON BASHAM;
CHADRICK E. FULKS; TINA SEVERANCE; and
ANDREA RODDY                                                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendants, James Lantrip; Hopkins

County Detention Center; Hopkins County, Kentucky, and Deputy Dian Blair, Deputy

Samuel Dillingham, and Deputy Chris Shaffer [DN 30] to dismiss the Complaint against them. Fully briefed, this matter stands ripe for decision. For the following reason, the Defendants' Motion to Dismiss is **DENIED**.

## I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir.1996), cert. denied, 520 U.S. 1251 (1997). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied, 516 U.S. 1158 (1996). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726 (citation omitted). In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well

as any matters of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir.1995).

## II. BACKGROUND

This case arises out of an incident in which two inmates of the Hopkins County Jail escaped from custody and engaged in a criminal spree that resulted in the death of Plaintiffs' decedents, Samantha Burns and Alice Donovan. The bodies of the decedents have never been located. The two escaped inmates were eventually apprehended, indicted for the murders, and subsequently convicted in both instances. Representatives of the estates of the deceased now bring numerous claims against the many named Defendants alleged to have played a role in the deaths of Burns and Donovan.

The Defendants, James Lantrip; Hopkins County Detention Center; Hopkins County, Kentucky, and Deputy Dian Blair, Deputy Samuel Dillingham, and Deputy Chris Shaffer (collectively "Defendants") now file this motion to dismiss the claims against them.

## III. DISCUSSION

In their motion, the Defendants argue that the Plaintiffs' claims must fail because their suit is barred by the statute of limitations. The Defendants claim that the Plaintiffs had a maximum of two years from the dates of death to commence a wrongful death action.[1][2] The

---

[1] KRS 413.180 states as follows: (1) If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 dies before the expiration of the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of that time, if commenced within one (1) year after the qualification of the representative.

(2) If a person dies before the time at which the right to bring any action mentioned in KRS 413.090 to 413.160 would have accrued to him if he had continued alive, and there is an interval of more than one (1) year between his death and the qualification of his personal representative, that representative, for purposes of this chapter, shall be

-3-

Defendants argue that by utilizing the discovery rule, the statute of limitations began to run, at the very latest, on the date the Indictments were issued against the perpetrators.[3]

Although the Defendants correctly state the law, no Kentucky court has applied these propositions of law to an unsolved murder case. Instead, the Kentucky Court of Appeals, in the context of an unsolved murder case, has expressly declined to adopt arguments similar to those made by the Defendants. The Court likewise does so here.

In diversity cases, federal courts must apply state law in accordance with the decisions of the state's highest court. Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 517 (6th Cir. 2003). The Kentucky Supreme Court has not directly addressed the issues raised herein. When evaluating an undecided question of Kentucky law, a federal court sitting in diversity must make the best prediction, even lacking direct precedent, of what the Kentucky Supreme Court would do if it were confronted with the question. Combs v. Int'l Ins. Co., 354 F.3d 568, 577 (6th Cir. 2004). In order to determine how a state's highest court would rule, federal courts are to look to the decisions of the state's intermediate courts unless they are convinced that the highest court would decide the issue differently. Melson v. Prime Ins. Syndicate, Inc., 429 F.3d 633, 636 (6th Cir. 2005). Where a state's highest court has not spoken on a

---

deemed to have qualified on the last day of the one-year period.

[2] KRS 413.140(1) provides in pertinent part: (1) The following actions shall be commenced within one (1) year after the cause of action accrued: (a) An action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant;

[3] According to the Kentucky discovery rule, the discovery rule, a statute of limitations begins to run on the date of the discovery of the injury, or from the date it should, in the exercise of ordinary care and diligence, have been discovered. Wiseman v. Alliant Hosps., Inc., 37 S.W.3d 709, 712 (Ky. 2000).

precise issue, a federal court, sitting in a diversity case, may not disregard a decision of the state appellate court on point, "unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128,1140 (6th Cir. 1986) (internal quotations omitted).

    Here, neither party submits any direct authority from the Kentucky Supreme Court. The Plaintiffs, however, note that the Kentucky Court of Appeals recently decided the case of Digiuro v. Ragland, No. 2003-CA-0015555-MR, 2004 Ky. App. LEXIS 188 (Ky. Ct. App. Jun. 25, 2004) in which the court held that "the public policy of this Commonwealth would be furthered by allowing the family of a murder victim to wait until conviction of a defendant before filing suit." Id. at *21. In Digiuro, the Kentucky Court of Appeals declined to apply KRS 413.140 and in reversing the circuit court concluded that "[t]here being no statutory authority or binding case law on point, we now hold narrowly that a case involving an unsolved murder has different policy considerations than other wrongful death actions." Id. at 21. Moreover, the court declined to extend the "discovery rule" to the facts of the case, noting that "cases utilizing the discovery rule generally involve medical malpractice or product liability issues." Id. at 13. In making its decision, the court examined the purposes of statutes of limitations, relevant cases from other jurisdictions, and public policy considerations. Id. at *17. The court concluded that the Commonwealth's public policy is that the families of victims deserve a remedy. Id. at *19.

    The Court finds it appropriate to follow the state appellate court's decision in Digiuro due to the strong factual similarities in the case before that court and the case before this

Court. The Court is aware that the ultimate disposition of Digiuro is not yet final and that the Kentucky Supreme Court will be hearing oral arguments next month in the case. Should the Kentucky Supreme Court conclude that the appellate court was incorrect, this Court will, of course, entertain a Motion to Dismiss on the basis of that opinion.[4]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [DN 30] is **DENIED**.

cc: counsel of record
05cv-089Burns(2)

---

[4] The Plaintiffs contend that the Court cannot rely on the Indictments attached by Defendants without converting the Motion to Dismiss to a Motion for Summary Judgment. The Court need not entertain this issue as it did not rely on the Indictments in denying the Motion.