UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO: 4:05CV-089-M**

**THE ESTATE OF SAMANTHA BURNS,**
**by and through JOHN ALAN BURNS,**
**Administrator of the ESTATE OF SAMANTHA**
**BURNS, deceased**

**and**

**THE ESTATE OF ALICE DONOVAN,**
**by and through BARRY DONOVAN,**
**Administrator of the ESTATE OF ALICE**
**DONOVAN, deceased**
                                                                                                **PLAINTIFFS**

**V.**

**HOPKINS COUNTY KENTUCKY JAILER,**
**JAMES LANTRIP, et al**
                                                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss by JKS Architects and Engineers ("JKS") [DN 118]. Fully briefed, this matter stands ripe for decision. For the following reasons, the Defendant's Motion to Dismiss is **GRANTED**.

**I.  STANDARD OF REVIEW**

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of

Strongsville, 99 F.3d 194, 197 (6th Cir.1996). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir.1995). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726 (citation omitted). In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir.1995).

## II. BACKGROUND

This case arises out of an incident in which two inmates of the Hopkins County Jail escaped from custody and engaged in a crime spree that resulted in the death of Plaintiffs' decedents, Samantha Burns and Alice Donovan. The bodies of the decedents have never been located. The two escaped inmates were eventually apprehended, indicted for the murders, and subsequently convicted in both instances. Representatives of the estates of the deceased now bring numerous claims against many named Defendants alleged to have played

a role in the deaths of Burns and Donovan.

Plaintiffs added Defendant JKS in their Second Amended Complaint after discovering information linking JKS to the controversy surrounding the construction of the fence at the Hopkins County Detention Center. JKS now files this motion to dismiss the claims against it as time barred pursuant to the relevant statute of limitation.

### III. DISCUSSION

Defendant argues that Kentucky's statutes of limitations bar Plaintiffs' claims against JKS.[1] Plaintiffs maintain that Kentucky's discovery rule tolled the statute of limitations until Plaintiffs became aware of the possible claim against JKS.

**A. Statutes of Limitations**

KRS § 413.140(1) provides:

"The following actions shall be commenced within one (1) year after the cause of action accrued: (a) An action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant..."

The Kentucky Supreme Court has held this statute of limitation applicable to wrongful death claims. Conner v. George W. Whitesides Co., 834 S.W.2d 652, 653-54 (Ky. 1992), citing Carden v. Louisville & N.R. Co., 39 S.W. 1027 (Ky. Ct. App. 1897). The Kentucky Supreme Court concluded that "[d]eath is simply the final injury to a person." Id. at 654.

KRS § 413.180 provides:

(1) If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 dies

---

[1] Defendant originally cited KRS §413.245 in their Motion to Dismiss. Defendant's Reply Brief correctly cited KRS §§ 413.140(1) and 413.180 as the controlling statutes.

before the expiration of the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of that time, if commenced within one (1) year after the qualification of the representative.

(2) If a person dies before the time at which the right to bring any action mentioned in KRS 413.090 to 413.160 would have accrued to him if he had continued alive, and there is an interval of more than one (1) year between his death and the qualification of his personal representative, that representative, for purposes of this chapter, shall be deemed to have qualified on the last day of the one-year period.

KRS § 413.180 ("personal representative statute of limitation") applies in cases where a personal representative initiates a claim for wrongful death, as in this case. This Court has previously held in this case that the statutes of limitations were tolled in wrongful death claims involving unsolved murders until a conviction is achieved in order to provide victims a remedy. Burns, 2006 WL 372643, *2. Chadrick E. Fulks and Brandon Basham were convicted on June 30, 2004, for the murders of Samantha Burns and Alice Donovan. For purposes of this analysis, the date of conviction is the date of death.

Pursuant to KRS § 413.180, Plaintiffs had one year following the appointment of a personal representative to file a claim. If the personal representative was not appointed within one-year of the date of death, then the one-year anniversary is considered the date of appointment. See Conner, 834 S.W.2d at 655. Thus, at the very most, a personal representative has two years from the date of death in which to file a claim for wrongful death. See id.

John Burns was appointed Administrator of the Estate of Samantha Burns on January 11, 2005, which is within one year of the effective date of death in this case (the date of the

conviction). Thus, the Estate of Samantha Burns had until January 11, 2006, to file a wrongful death claim. The Second Amended Complaint adding Defendant JKS was not filed until March 15, 2007, and cannot be considered timely pursuant to KRS § 413.180(1).

Barry Donovan was appointed as the Administrator of the Estate of Alice Donovan on September 7, 2005. The Estate of Alice Donovan had until June 30, 2006, to file a wrongful death claim. Since the Second Amended Claim was not filed until March 15, 2007, it cannot be considered timely under KRS 413.180(2).

### B. Discovery Rule

The Plaintiffs attempt to avoid the limitations bar by claiming that they could not have learned prior to January 2007 that JKS was potentially liable for the alleged design flaw at the Hopkins County Jail. Kentucky's discovery rule tolls the statute of limitations until "the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." Louisville Trust Co. v. Johns-Manville Products Corp., 580 S.W.2d 497, 501 (Ky. 1979); Wiseman v. Alliant Hospitals, 37 S.W.3d 709, 712 (Ky. 2000). Courts traditionally apply the discovery rule to cases involving medical malpractice, recovery of stolen property, and cases involving latent injuries arising from exposure to harmful substances. Roman Catholic Diocese of Covington v. Secter, 966 S.W.2d 286, 288 (Ky. App. 1998). Kentucky courts are reluctant to extend the discovery rule without statutory authority. Id. In DiGiuro v. Ragland, 2004 Ky.App. LEXIS 188, the court noted that Kentucky courts have not consistently applied the discovery rule and declined to expand the rule. Therefore, it is

questionable whether the discovery rule is applicable to the facts of this case.

Even if the discovery rule were applicable, the Court concludes that the Plaintiffs' claims against JKS are barred. The injury was known no later than June 30, 2004—the date of the convictions. Under Kentucky law, the discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries. With knowledge of an injury, one is put on notice to investigate and discover, within the limitations period, the identity of the tortfeasor. A contrary rule would defeat the very purpose of the statute of limitations. See McLain v. Dana Corporation, 16 S.W.3d 320, 326 (Ky.App. 2000).

Here, there are no allegations of fraudulent concealment or misrepresentation. The Plaintiffs failed to identify JKS within the applicable limitations period and their claims against JKS are barred.

**C. Relation Back**

An amended complaint adding a new party can relate back to the original complaint so long as the newly added defendant knew or should have known within 120 days after the filing of the original Complaint that but for a mistake, the party should have been included in the original complaint. Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996). The addition of a new party, outside of correcting a mistake or misnomer, creates a new cause of action and does not relate back to the original filing. Marlowe v. Fisher Body, 489 F.2d 1057, 1064 (6th Cir. 1973). A distinction exists between supplementing the original Complaint with

additional allegations or adding a party that was not named due to mistake versus adding an entirely unique party.  See id.

The addition of JKS as a defendant is not the result of mistaken identity nor is it an effort to correct a misnomer.  Thus, the Second Amended Complaint adding JKS as a defendant does not relate back.

## IV. CONCLUSION

The Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED** [DN 118].

Copies to:  Counsel of record