## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO: 4:05CV-089-M**

**THE ESTATE OF SAMANTHA BURNS,**
**by and through JOHN ALAN BURNS,**
**Administrator of the ESTATE OF SAMANTHA**
**BURNS, deceased**

**and**

**THE ESTATE OF ALICE DONOVAN,**
**by and through BARRY DONOVAN,**
**Administrator of the ESTATE OF ALICE**
**DONOVAN, deceased**

                                                    **PLAINTIFFS**

**V.**

**HOPKINS COUNTY KENTUCKY JAILER,**
**JAMES LANTRIP, et al**

                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on two issues.  First, Defendants Metro Fence Company and Metro Fence Industries, Inc. (collectively, "Metro") have requested leave to file a third party complaint against J. Keith Sharp Architect, P.S.C., d/b/a J.K.S. Architects and Engineers ("JKS"). [DN 132].  Next, Plaintiffs have filed a Motion to Reconsider the Court's Opinion dismissing claims against JKS based on the relevant statute of limitations. [DN 137].

In Plaintiffs' Motion for Reconsideration, the Plaintiffs have merely reargued their case as to why claims against JKS should not have been dismissed as barred by the relevant

statute of limitations.  The Court reaffirms its opinion dismissing JKS entered on July 25, 2007, and DENIES the Plaintiffs' Motion to Reconsider.

Metro has sought leave of the Court to file a third party action against JKS.  Metro asserts that if it were found liable to the Plaintiffs, JKS could then be liable to Metro by way of indemnity or apportionment of fault.  Under Fed. R. Civ. P. 14(a), a third-party complaint is permitted only when the third party is attempting to transfer liability for the plaintiff's claim against him.  Baker v. Pierce, 812 F.2d 1406, No. 85-5700, 1987 WL 36585,*4, n. 2 (6th Cir. 1987).  Plaintiffs assert that is unfair for Metro to transfer any liability to JKS.  Plaintiffs submit no case law which indicates that Metro's third party complaint is improper under Rule 14(a).  The Court finds that Metro's claims against JKS are the type intended to be allowed under Rule 14(a).  Thus, Metro's  Motion for Leave to file a third party complaint is GRANTED.

It is hereby ordered that Plaintiffs' Motion to Reconsider is DENIED [DN 137] and Metro's Motion for Leave to file a third party complaint is hereby GRANTED [DN 132].

cc: counsel of record